IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01264-BNB

ISAAC TODD,

    Applicant,
v.

LARIMER COUNTY COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

Applicant, Isaac Todd, has filed, through counsel, as Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 5] challenging the validity of his criminal conviction in the County Court of Larimer County, Colorado. He has paid the $5.00 filing fee.

In a May 28, 2013 order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining an extension of time, Respondents submitted a pre-answer response on July 16, 2013. Applicant filed a reply on July 18, 2013.

**I. Background and State Court Proceedings**

On August 31, 2011, Mr. Todd was convicted by a Larimer County Court jury in Case No. 10T1624 of Driving While Ability Impaired (DWAI). [Doc. # 5, at 1-2]. He was sentenced to one year of supervised probation. [*Id.* at 1].

Mr. Todd filed a direct appeal with the Larimer County District Court. On September 26, 2012, the state district court affirmed the conviction in Larimer County District Court Case No. 2011CV2149. [Doc. # 11-2]. The Colorado Supreme Court denied Applicant's petition for certiorari review on April 29, 2013. [Doc. # 11-4].

Mr. Todd initiated this action on May 14, 2013. He filed an amended Application on May 24, 2013 asserting a single claim for relief: The trial court violated his Sixth Amendment confrontation rights, as articulated in *Davis v. Alaska*, 415 U.S. 308 (1974), by unreasonably restricting "defense counsel's ability to cross-examine the State's expert witness regarding [her previous false statements about her college major]" and the "witness's bias towards and motivation to continue [to provide] favorable testimony for the State." [Doc. # 5, at 4].

## II. Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). [See Doc. # 11, at 6-8].

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v.*

*Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Here, Respondents concede that Mr. Todd exhausted his claim in the state courts by presenting the claim as a violation of his federal Sixth Amendment confrontation rights to the Larimer County District Court on direct appeal. [Doc. # 11, at 12; # 11-1].  Applicant also presented his Sixth Amendment claim to the Colorado Supreme Court in a petition for certiorari review. [Doc. # 11-3].  The Court thus finds that Mr. Todd exhausted state court remedies for his claim.  Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

DATED July 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge