IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01264-MSK-KLM

ISAAC TODD,

    Applicant,
v.

LARIMER COUNTY COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Applicant's **Motion to Suspend Briefing and to Compel the Filing of a Complete Trial Court Record** [Docket No. 24; Filed on September 16, 2013] (the "Motion").  On September 20, 2013, Respondent Larimer County Court filed a Response [#27] to the Motion.

    Applicant states in the Motion that the state court record filed in this Court on July 31, 2013 is incomplete because it does not contain the documentary exhibits, the tendered but refused jury instructions, the written jury instructions, or the jury verdicts.  For relief, Applicant asks the Court to order the Larimer County Court to file a complete record of the state court proceeding; to allow Respondents seven days to amend their Answer; and, to allow Applicant thirty days from the filing of the amended Answer to file a Traverse.

    Respondent Larimer County Court responds that prior to Applicant's filing of the motion, Respondent acknowledged through email correspondence to Applicant's counsel that it had inadvertently omitted several sealed exhibits from the CD of the state court

record transmitted to this Court on July 31, 2013.  Respondent states that it has located those documents and transmitted them to Applicant.  Respondent further states that the original jury instructions and jury verdicts were not made part of the appellate record for Applicant's direct appeal and that Respondent is unable to locate them.  Respondent confirms that the CD docketed in this Court on September 18, 2013, *see* [#26], contains all of the documents in the court's file.  The CD does not include the original jury instructions, tendered but refused instructions, or jury verdicts.

The Court finds that the Larimer County Court worked diligently to ensure compliance with the Court's July 24, 2013 Order for State Court Record, *see* [#15] after Respondents' counsel was notified by Applicant's counsel in a September 6, 2013 email that the state court record filed in this Court in August 2013 was deficient.  *See* [#27-1]. The Court further finds that the complete record of proceedings in *People v. Todd*, Larimer County Court Case No. 10T1624, as it exists in the Larimer County Court, was transmitted to this Court on September 18, 2013.  As such, the motion to compel is moot and appears to have been unnecessary.

Moreover, the resolution of Applicant's habeas claim does not require this Court's consideration of the missing jury instructions or jury verdicts.  As described by Applicant:

> The petition herein involves the County Court's refusal to permit a witness's undergraduate transcript and summary exhibits derived from that transcript into evidence. The state's expert witness claimed that repeated prior sworn testimony in which she claimed her Bachelor of Science degree was in Chemistry and Biology, that she had a major in Chemistry, when her degree was only in Biology, was inadvertent and that she had believed when she had previously testified that she had a double major. The transcripts established her GPA in Chemistry and the fact that none of the Chemistry courses she took was within the allowed curriculum for Chemistry majors.

[#24] at 3.  Applicant claims in the amended application that the trial court's restrictions on

defense counsel's ability to cross examine the state's expert witness about (a) her perjured testimony concerning her college major, and (b) the witness's bias toward, and motivation to continue to provide favorable testimony for, the State, violated his Sixth Amendment confrontation rights under *Davis v. Alaska*, 415 U.S. 308 (1974). *See* [#5] at 4. Because the Court can resolve Applicant's constitutional claim without regard to the jury instructions or verdict forms, the absence of those documents from the state court record does not prejudice the Applicant. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#24] is **GRANTED in part** and **DENIED as moot in part**, as follows. The Motion is **granted** to the extent that Applicant may file a traverse to the Respondent's Answer [#22] **on or before November 1, 2013**.[1] The Motion is **denied as moot** to the extent it seeks to compel the filing of a complete trial record.

Dated: October 2, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] Respondents represent that they will not file an amended Answer. [#27] at 5.